Filed on 3/10/2015 11:42:07 AM

**OFFICE OF STAN STANART**
COUNTY CLERK, HARRIS COUNTY, TEXAS
CIVIL COURTS DEPARTMENT

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 11:47:36 AM
CHRISTOPHER A. PRINE
Clerk

March 10, 2015

1st Court of Appeals
301 Fannin
Houston, Texas 77002

## LETTER OF ASSIGNMENT

Trial Court Docket Number: 1058198
Trial Court Number: Four (4)

**Style:**

| KEYNOA EVANS | VS. | PINES OF NORTHWEST |
| --- | --- | --- |
| APPELLANT(S) | | APPELLEE(S) |

**Judge:** ROBERTA LLOYD

| **Appellant(s) Attorney:** | **Appellee(s) Attorney:** |
| --- | --- |
| Kenneth R. Barrett, No. 01812200 | Scott H. Fournier, No. 24085312 |
| 3740 Greenbriar No. 541873 | 3311 Richmond Avenue, Suite 305 |
| Houston, Texas 77254 | Houston, Texas 77098 |
| Phone: (281) 433-0837 | Phone: (713) 622-2111 |
| Fax: (832) 582-5935 | Fax: (713) 622-2119 |
| E-Mail: kennethroycebarrettlaw@yahoo.com | E-Mail: scott@cwerenlaw.com |

Keynoa Evans, appellant, filed a Notice of Appeal on March 9, 2015 from the Final Judgment that was signed on March 2, 2015.

The Clerk's Record is due to your office on or before May 1, 2015.

/S/Joshua Alegria
Joshua Alegria
Deputy Clerk
P.O. Box 1525
Houston, TX 77251-1525
(713) 755-6421

Case No. 1058198

| PINES OF NORTHWEST | § | COUNTY COURT AT LAW |
| | § | |
| | § | |
| v. | § | NUMBER FOUR (4) |
| | § | |
| | § | |
| KEYNOA EVANS | § | HARRIS COUNTY, TEXAS |

AFFIDAVIT OF INABILITY TO PAY COSTS OF APPEAL

STATE OF TEXAS      §
                    §
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Keynoa Lashenn Evans who, being by me duly sworn, on oath stated:

"My name is Keynoa Evans and I live in the premises, 7720 Promont #301, Houston, Texas 77040, which is the subject of this suit. I wish to appeal the judgment of this Court to the Court of Appeals pursuant to the Texas Rules of Civil Procedure and the Texas Property Code.

My income, property, monthly expenses, debts, and dependents are described below:

| AVAILABLE INCOME | Monthly Amount | Nature (Source or Description) |
|---|---|---|
| a) Net Employment | $ 7140 | Teacher Retirement |
| b) Spouse Income (available to me) | $ N/A | |
| c) TANF Income: | $ N/A | |
| d) SSI/SSDI Income: | $ N/A | |
| e) Other Income | $ 495.00 | Food stamps |

PROPERTY

- Other real or personal property (excluding household furnishing, clothes, tools of a trade, and personal effects

| Description | Value |
|---|---|
| N/A | |
| | |

- Monetary Assets

| Description | Value |
|---|---|
| Checking Account | $ 200 |
| Savings Account | $ N/A |
| Cash | $ N/A |

## MONTHLY EXPENSES

| CATEGORY | AMOUNT |
|---|---|
| Housing payment (Loan or Rent): | $ 1500.00 |
| Car Payment | $ N/A |
| Transportation | $ N/A |
| Insurance | $ 150.00 |
| Clothing/Laundry | $ 50.00 |
| Child Support | $ N/A |
| Food | $ 450.00 |
| Child Care/Support | $ N/A |
| Medical/Dental | $ N/A |
| Utilities | $ 400.50 |
| Appliance/Furniture | $ N/A |
| Telephone & Internet | $ 50.00 |
| Business Expenses (Supplies Travel) | $ 100.00 gas |

## DEBTS (Total Owed)

| CATEGORY | Amount Owed | | |
|---|---|---|---|
| Credit Card | $ N/A | | |
| Payday Loan | $ N/A | | |
| Child Support | $ N/A | | |
| Car Title | $ N/A | | |
| Loan for funds to buy 1206 | $ N/A | | |

| Askew | *N/A* | | |
|---|---|---|---|

**DEPENDENTS**

| | Age | Residential Address |
|---|---|---|
| **Spouse** | | |
| Child 1 | 13 | 7200 Pinemont Dr. |
| Child 2 | 6 | 7200 Pinemont Dr |
| | | |
| | | |

I am unable to pay any part of the costs of appeal to the Court of Appeals, file an appeal bond, or give security for appeal because of my financial condition. I verify that the statements made in this affidavit are true and correct."

_____ Signature

*Hamilla Evans Allen* Printed Name

*7200 Pinemont #153 Hou.Tx 77* Address

*73 560-9748* Phone Number (Daytime)

SUBSCRIBED AND SWORN TO BEFORE me on this _____ day of March, 2015.

_____
NOTARY PUBLIC for the State of Texas

CHRISTI OLGA BACHMAN
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP 10/31/16

**Certificate of Service**

I hereby certify that a true and correct copy of this of this Affidavit, in lieu of a supersedeas bond, was sent to Plaintiff's counsel of record by telecopy on this ___ day of March, 2015.

**"CLOSED"**

CAUSE NO. 1058198

| PINES OF NORTHWEST CROSSING | § | IN THE COUNTY CIVIL COURT |
|---|---|---|
| | § | |
| | § | |
| VS. | § | AT LAW NUMBER FOUR (4) |
| | § | |
| KEYNOA EVANS AND ALL | § | |
| OTHER OCCUPANTS | § | HARRIS COUNTY, TEXAS |

## JUDGMENT

BE IT REMEMBERED that on this day came on to be heard the above-entitled and numbered cause and Plaintiff PINES OF NORTHWEST CROSSING, ("Plaintiff") and Defendant KEYNOA EVANS and All Other Occupants (collectively referred to as "Defendant"), appeared before the Court.

The Court, after considering the pleadings on file, the evidence presented at trial and the arguments of the parties, is of the opinion and finds that: (1) Plaintiff PINES OF NORTHWEST CROSSING, is the owner and landlord of and the Defendant is the tenant of the residential leased premises located within County Civil Court at Law Number Four (4), of Harris County, Texas at 7200 Pinemont Drive, Apartment Number 1507, Houston, Harris County, Texas 77040, ("Leased Premises"); (2) Plaintiff PINES OF NORTHWEST CROSSING, terminated the Defendant's right to occupy the Leased Premises; (3) Plaintiff PINES OF NORTHWEST CROSSING, made written demand upon the Defendant and all occupants of the Leased Premises to vacate same, which demand was received by the Defendant as required by law; (4) the Defendant is thereby guilty of forcible detainer; (5) Plaintiff PINES OF NORTHWEST CROSSING, is entitled to immediate possession of the Leased Premises from the Defendant and all occupants of the Leased Premises; (6) Plaintiff PINES OF NORTHWEST CROSSING, is entitled to recover any and all past due rental amounts due from the Defendant and all occupants

1

5

of the Leased Premises; (7) Plaintiff PINES OF NORTHWEST CROSSING, is entitled to recover its costs of court from the Defendant and all occupants of the Leased Premises; and (8) Plaintiff PINES OF NORTHWEST CROSSING, is entitled to recover its attorneys' fees and litigation costs necessary and reasonably incurred by the prosecution of this cause of action from the Defendant and all occupants of the Leased Premises. It is therefore,

ORDERED, ADJUDGED and DECREED that Plaintiff PINES OF NORTHWEST CROSSING shall be and hereby is awarded possession on or after March 9, 2015, 2015, of the Leased Premises located at 7200 Pinemont Drive, Apartment Number 1507, Houston, Harris County, Texas 77040, from KEYNOA EVANS and All Other Occupants, jointly and severally. It is further

ORDERED, ADJUDGED and DECREED that Plaintiff PINES OF NORTHWEST CROSSING, shall be and hereby is entitled to immediately obtain a Writ of Possession and immediate enforcement of this Judgment, pursuant to the terms of the Lease and Texas law; it is, further,

ORDERED, ADJUDGED and DECREED that Defendant KEYNOA EVANS shall pay to Plaintiff PINES OF NORTHWEST CROSSING, $3,941.94 in past due rental amounts properly due and owing Plaintiff PINES OF NORTHWEST CROSSING, pursuant to the terms of the Lease, with interest thereon at the rate of five (5%) percent per annum from the date of this Judgment until paid; it is, further,

ORDERED, ADJUDGED and DECREED that Defendant KEYNOA EVANS shall pay to Plaintiff PINES OF NORTHWEST CROSSING, all its costs of court, together with post-

judgment interest thereon at the rate of five (5%) percent per annum from the date of this Judgment until paid; it is, further,

ORDERED, ADJUDGED and DECREED that Defendant KEYNOA EVANS shall pay to the Plaintiff PINES OF NORTHWEST CROSSING, $ 1,400.00 in attorneys' fees and litigation costs necessary and reasonably incurred by the prosecution of this cause of action, pursuant to the terms of the Lease, with interest thereon at the rate of five (5%) percent per annum from the date of this Judgment until paid; it is, further,

ORDERED, ADJUDGED and DECREED that Plaintiff, PINES OF NORTHWEST CROSSING, shall have and recover from that Defendant KEYNOA EVANS and Surety LADONNA TOWNSEND, jointly and severally, additional attorneys' fees in the following amounts: $7,500.00 in the event of an unsuccessful appeal by Defendant KEYNOA EVANS and/or Surety LADONNA TOWNSEND to the Court of Appeals; an additional $7,500.00 for making or responding to an unsuccessful petition for review to the Supreme Court of Texas; and an additional $7,500.00 if the petition for review is granted by the Supreme Court of Texas. Interest on said sum for attorneys' fees shall accrue at the rate of five percent (5%) per annum from the date of this Judgment until paid; it is, further,

ORDERED, ADJUDGED and DECREED that in the event of an appeal of this Judgment, Defendant KEYNOA EVANS' and Surety LADONNA TOWNSEND's, jointly and severally, supersedeas bond is hereby set at ten (10) times the market rent for Defendant's apartment, in the amount of $ 6,500.00 and shall be posted within ten (10) days of the date of this Judgment in the form of cash, cashier's check, or by and through a corporate surety licensed for such purposes and doing business in the State of Texas; it is, further,

3

ORDERED, ADJUDGED and DECREED that Surety LADONNA TOWNSEND shall pay to Plaintiff PINES OF NORTHWEST CROSSING, $ **3,941.94**

pursuant to the terms of the Appeal Bond, with interest thereon at the rate of five (5%) percent per annum from the date of this Judgment until paid; and,

This judgment finally disposes of all claims and all parties and is appealable.

SIGNED on this 2 day of March, 2015.

_____
JUDGE PRESIDING

APPROVED AND ENTRY REQUESTED:

**THE CWEREN LAW FIRM**

_____
Brian P. Cweren
State Bar No. 24001956
Scott H. Fournier
State Bar No. 24085312
3311 Richmond, Suite 305
Houston, Texas 77098
Telephone:    (713) 622-2111
Facsimile:    (713) 622-2119
bcweren@cwerenlaw.com
scott@cwerenlaw.com

**ATTORNEYS FOR PLAINTIFF,
PINES OF NORTHWEST CROSSING**

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blackouts, additions and changes were present at the time the instrument was filed and recorded.



4

8